### A. E. Butters, Conservator, v. John Comyns et al.

1. CONSERVATORS—*Motion to Vacate Partition Proceedings.*—A conservator who moves to set aside proceedings in a partition suit on the ground of his ward's insanity, must show by a preponderance of the evidence that he was insane while the suit was in progress.

**Motion to Vacate Partition Proceedings.**—Heard in the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Motion denied; error. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

J. E. COLEMAN, and BUTTERS, CARR & GLEIM, attorneys for plaintiff in error.

FRED T. BEERS, attorney for defendants in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On April 16, 1895, defendants in error, John Comyns and Mary, his wife, filed their bill in chancery in the Circuit Court of La Salle County, for the partition of certain premises located in said county.

The bill represented, among other things, that in the month of August, 1863, one Lawrence Comyns died, leaving Mary Comyns, his widow, and Delia Comyns, James

Comyns, Mary Comyns and said John Comyns, his children and only heirs at law, and that said Mary Comyns, widow, never remarried; that shortly after the death of said Lawrence Comyns, his widow, the said Mary Comyns, entered into possession of said premises as a purchaser under a warranty deed from one William H. Sampson, but that said deed was not recorded and has been lost; that she remained in the exclusive, open and adverse possession of said premises and paid all taxes and assessments levied against the same until the 15th day of January, 1883, when she died intestate, leaving her surviving the said John Comyns, Delia Comyns, James Comyns and Mary Comyns, her children and only heirs at law; that said Delia Comyns, soon after the death of her father, married one John Rogers; ceased to live at home and has since lived in St. Louis, Mo.; that John Comyns ceased living at home with his mother in 1875; that said James and Mary Comyns resided upon the premises with their mother continuously until her death, and were residing upon the same at the time of the filing of the bill. The bill further represented that said children of Mary Comyns, deceased, were owners of said premises as tenants in common and prayed for partition. Personal service was had upon the said James Comyns and Mary Comyns, and service by publication on Delia Rogers and her husband, John Rogers.

On June 17, 1896, a decree was entered finding that Mary Comyns entered into the possession of said premises after the death of her husband in the year 1863, as the owner thereof, and remained there until her death, in 1883, acting and claiming as the owner thereof, and that her possession was open, hostile and adverse, exclusive and continuous against all; that in 1865 she rebuilt the house, fenced the lot, put in the cellar and exercised other powers and did other acts as the exclusive owner of said premises; that she paid the taxes on the same while she lived; that she died intestate, leaving the heirs at law named in the bill; that they and their mother had been in the actual, hostile, exclusive, open, adverse and continuous possession of said premises claim-

ing as sole owners for thirty-three years, and that each of said heirs at law were entitled to the undivided one-fourth part of said premises.

Partition of said premises was decreed and commissioners appointed. The commissioners reported that the premises were not susceptible of division and fixed their value at $900. A sale of the premises was afterward made by the master in chancery, and John Comyns, the complainant in the bil[1], purchased them for $600. The sale was confirmed by the court, and on October 29, 1896, a decree was entered ordering the payment of costs and the distribution of the balance of the funds among said heirs at law. On November 19, 1897, letters of conservatorship were issued out of the Probate Court of La Salle County, appointing plaintiff in error, A. E. Butters, conservator of said James Comyns, who was there found to be a distracted person. On December 23, 1897, plaintiff in error, as such conservator, filed his motion in the Circuit Court to set aside the order of default entered in said partition suit against said James Comyns, and also to set aside all other orders and decrees thereafter entered in said cause as to said James Comyns, and for leave to demur, plead or answer said bill.

Upon the hearing, affidavits were read in support of the motion of witnesses, who swore that said James Comyns was at the time of said chancery proceedings incapable of transacting ordinary business, or of understanding the nature of a proceeding for the partition of lands, and plaintiff in error, Butters, in his affidavit, testified that the property in question was worth some $1,400. Counter affidavits were introduced of witnesses who testified that said James Comyns was sane at the time of said proceeding, and that the property in question was worth in cash, less than $750. Upon hearing, the motion of plaintiff in error was overruled by the court.

The principal reason urged by plaintiff in error for reversing the order of the court below is the failure of that court to appoint a guardian or conservator *ad litem,* for said James Comyns, to protect his interest in the

partition suit. It appears from the affidavit, that on the 30th day of January, 1893, said James Comyns was found by the County Court of La Salle County to be insane, and a fit person to be sent to the hospital for the insane. He was thereupon sent to the Insane Hospital at Kankakee, Illinois, where he remained for about thirty days, when he was discharged from the hospital and went back to live with his sister Mary.

No further action was taken in regard to his mental condition until the 19th day of November, 1897, when letters of conservatorship were issued to plaintiff in error. No objections were made on the hearing of the motion, nor is any error assigned here, because of the introduction of the counter affidavits, so they must be considered in connection with the affidavits offered by plaintiff in error.

It was incumbent upon the conservator to show that James Comyns was insane while the suit was in progress. He however failed, in our opinion, to make such proof by a preponderance of the evidence.

For the purpose of showing that the said James Comyns has suffered injury by reason of the proceedings in the partition suit, the plaintiff in error avers, in his affidavit, in support of his petition, that said James Comyns claims to be the owner in fee of said premises by reason of the fact that during the year 1864 he went into possession thereof and remained in the exclusive, open, notorious and adverse possession of the same, making improvements and paying taxes for more than twenty years thereafter. As the evidence shows that James Comyns was, in 1864, only nine years of age, that he was then living with his mother, who resided on the premises, claiming possession thereof under a deed to the same, and that all improvements were made and taxes paid by the mother, this position can not be sustained.

Plaintiff in error further alleges in his petition, as showing a fraud upon his ward, that the premises were worth $1,400 at the time they were sold to said John Comyns for $600. It appears from the weight of the evidence, however,

that the premises were worth not to exceed $750. The sale at $600 fully complied with the statute, and in view of the condition of the title, was a fair price for the premises.

We are of opinion, therefore, that the evidence fails to show that the rights and interests of James Comyns have been prejudiced by the several decrees in the partition suit. There is nothing in the evidence to show that James Comyns would, upon a rehearing of the cause, be entitled to a decree finding that he had any other interest in the premises, than that given him by the decree heretofore entered in the partition suit, fixing the rights of the parties.

The court below committed no error in overruling the motion to vacate the orders and decrees in the partition suit, and the order overruling the same will be affirmed.